IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03274-CMA
(Criminal Action No. 16-cr-00215-CMA)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

2.  AARON CARSON CHEEK,

    Defendant-Movant.

## ORDER DENYING MOTION TO VACATE SENTENCE

This matter is before the Court on Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 78.) The Motion is denied for the following reasons.

### I.    BACKGROUND

Defendant, Aaron Carson Cheek, pleaded guilty to possessing and brandishing a firearm during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. # 58 at 1.) The offense underlying Mr. Cheek's firearm conviction was "interference with interstate commerce by robbery," also called "Hobbs Act robbery." (*Id.* at 5.) Mr. Cheek now argues that his firearm conviction must be vacated because his robbery offense must have rested upon a portion of 18 U.S.C. § 924(c) that was held to be unconstitutional in *United States v. Davis*, 139 S. Ct. 2319 (2019).

1

## II. STANDARD OF REVIEW

### A. STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975).

### B. *PRO SE* STANDARD OF REVIEW

Because Mr. Cheek is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

## III. DISCUSSION

### A. MR. CHEEK'S FIREARM CONVICTION IS VALID

Under 18 U.S.C. § 924(c), a person who uses a firearm in connection with certain federal crimes is subject to more severe penalties than a person who commits those crimes without a firearm. Specifically, Section 924(c) requires enhanced sentences for any person who uses a firearm during a "crime of violence." 18 U.S.C. § 924(c)(3). Section 924(c)(3) defines the term "crime of violence" as any felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is known as the "elements clause"; subsection (B) is known as the "residual clause." To determine whether a predicate offense is a "crime of violence," courts apply the "categorical approach," under which they examine "the

3

fact of conviction and the statutory definition of the prior offense." *United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009).

In 2019, the Supreme Court declared that the residual clause of Section 924(c), 18 U.S.C. § 924(c)(3)(B), was void for vagueness. *Davis*, 139 S. Ct. at 2323–24, 2336. Therefore, a person can no longer be convicted of violating Section 924(c) unless his crime satisfies the elements clause–i.e., the crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Mr. Cheek argues that he had to have been convicted for his firearm charge under the now-invalidated residual clause because "a jury did not find, and [Mr. Cheek] did not admit, any **elements**" related to his predicate offense, Hobbs Act robbery. (Doc. # 78 at 6.) This is a misapplication of the law. As previously stated, under the categorical approach, the Court need only examine Mr. Cheek's Section 924(c) conviction and the statutory definition of Hobbs Act robbery. The Tenth Circuit has already examined the statutory definition of Hobbs Act robbery and has held that Hobbs Act robbery is a "crime of violence" under the elements clause. *United States v. Melgar-Cabrera*, 892 F.3d at 1060–66; *see also United States v. Harris*, 761 F. App'x 852, 854 (10th Cir. 2019) (unpublished) ("In [*Melgar-Cabrera*], we decided Hobbs Act robbery is categorically a 'crime of violence' under § 924(c)(3)'s elements clause."); *United States v. Jefferson*, 911 F.3d 1290, 1296–99 (10th Cir. 2018) (same). Therefore, as a matter of law, Mr. Cheek's Hobbs Act robbery is a "crime of violence" under the elements clause of Section 924(c) and his firearm conviction is valid.

Because Mr. Cheek's firearm conviction is valid under the elements clause of Section 924(c), the Court need not address his *Davis* argument. *See Deiter*, 890 F.3d 1203, 1210–11 (10th Cir. 2018) (holding that, even if a defendant is erroneously convicted under the residual clause of the ACCA, that error "would have no legal significance" and is "harmless as a matter of law" if the defendant could have been validly convicted under the elements clause). Mr. Cheek's crime is a "crime of violence" under the elements clause of 18 U.S.C. § 924(c), he was properly convicted of violating that statute, and his conviction and sentence will not be vacated.

**B.    MR. CHEEK'S TRIAL COUNSEL WAS NOT INEFFECTIVE**

Mr. Cheek also asserts that his trial counsel was ineffective in failing to raise the argument that the residual clause was unconstitutional. (Doc. # 78 at 9.) The Court disagrees.

Mr. Cheek correctly points out that to prove ineffective assistance of counsel, he must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). Proving deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

As already discussed, the Tenth Circuit has held multiple times that Mr. Cheek's predicate offense, Hobbs Act robbery, is a crime of violence; he was, therefore, properly convicted under the elements clause of 18 U.S.C. § 924(c). Mr. Cheek's counsel was likely aware of this strong precedent undermining his defense, which is likely why

counsel did not raise it. Consequently, Mr. Cheek has not shown that his counsel made errors so serious as to violate his Sixth Amendment right for failing to raise an argument that was likely to fail and the Court will not vacate his sentence for ineffective assistance of counsel.

### C. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Mr. Cheek has not made a substantial showing of the denial of a constitutional right.

### IV. CONCLUSION

Based on the foregoing, Mr. Cheek's 28 U.S.C. § 2255 Motion to Vacate Sentence (Doc. # 105) is DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Cheek has not made a substantial showing of the denial of a constitutional right.

The Clerk of Court is directed to close this case.

DATED: October 1, 2021

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge